UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DONNIE J. BERRY                                                    CIVIL ACTION NO. 3:19-CV676

VERSUS

KEVIN W. COBB, IN HIS OFFICIAL CAPACITY
AS SHERIFF OF THE FRANKLIN PARISH
SHERIFF'S OFFICE, AND CHARLES JOHNSON          HON. TERRY A. DOUGHTY
IN HIS OFFICIAL CAPACITY AS A LIEUTENANT
WITH THE FRANKLIN PARISH SHERIFF'S OFFICE    MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 13] filed by Sheriff Kevin W. Cobb ("Cobb") and Lieutenant Charles Johnson ("Johnson"). To Defendants' motion, Plaintiff Donnie J. Berry ("Berry") filed an Opposition [Doc. No. 15] on January 20, 2021, and a Reply [Doc. No. 16] was filed by Cobb and Johnson on January 27, 2021.

For the reasons set forth herein, Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**A. Background**

On May 29, 2019, Berry filed a Complaint [Doc. No. 1] against Cobb, in his official capacity as Franklin Parish Sheriff, and against Johnson, in his official capacity as a lieutenant at the Franklin Parish Detention Center, under 42 U.S.C. 1983 and under Louisiana law. Berry alleged Johnson used excessive force upon him on June 1, 2018.

In the Motion, Cobb and Johnson argue that they are entitled to summary judgment on the 1983 claims and that Johnson is entitled to summary judgment on the state law claims.[1]

---

[1] Defendants concede that genuine issues of fact preclude summary judgment on Berry's state law vicarious liability claim against Cobb, in his official capacity.

In his opposition, Berry argues that the plain reading of the Complaint shows a cause of action against Johnson in his individual capacity. Berry further argues there are material issues of fact precluding summary judgment.

**B. Law and Analysis**

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all

permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**1. 1983 Claims**

The first issue is whether Cobb and Johnson are sued in their individual capacities. They are not. The Complaint [Doc. No. 1], in the caption and in the unambiguous language of the complaint, names Cobb and Johnson only in their official capacities. Once the capacity has been indicated in the complaint, a plaintiff cannot argue otherwise without amending the complaint. *Washington v. Louisiana Lottery Corp.,* 101 F.3d 698 (5th Cir. 1996). Therefore, the motion will be analyzed using only official capacity claims against Cobb and Johnson.

A suit against a government official in his official capacity is the equivalent to a suit against the government entity of which the official is an agent. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978). A government entity cannot be found liable under any theory of respondeat superior or vicarious liability. *Monell*, 436 U.S. 658, at 694.

To establish liability, plaintiff must identify conduct attributable to the government entity itself. That determination is made upon application of a three-pronged inquiry that requires proof of (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Texas*, 565 F.3d 214, 227 (5th Cir. 2009).

### Policymaker

Official capacity suits are only viable against persons responsible for formulating an official policy which results in constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21 (1991). Under Louisiana law, the sheriff is a final policymaker for his office. *Craig v. St. Martin Parish Sheriff*, 861 F. Supp. 1290, 1300 (W.D. La. 1994).

A deputy sheriff does not have "policymaker" status under Louisiana law. *Burrell v. Adkins*, 2007 WL 4699166 (W.D. La. October 22, 2007).

Therefore, Cobb is a policymaker. Johnson is not.

### Official Policy

In *Mason v. Lafayette City-Par. Consol. Gov't,* 806 F.3d 268, 280 (5th Cir. 2015), the Fifth Circuit defined "official policy" as (1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a

persistent, widespread practice of city officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

The only alleged policy is that the excessive force was the result of Johnson's failure to be properly trained and supervised by the Franklin Parish Sheriff's Department. However, Berry has submitted no evidence to support that allegation. [2] When a plaintiff fails to provide evidence of the policy, his claims are subject to dismissal. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996).

Since Berry has provided no evidence of an official policy, he has not met his burden on this prong of the analysis.

### Moving Force

Under the "moving force" inquiry, the Plaintiff is required to show both causation and culpability. Causation requires Plaintiff to show a direct causal connection between the policy and the alleged constitutional deprivation. Culpability requires the plaintiff to show the municipality promulgated the policy with deliberate indifference to the known or obvious consequences that constitutional violations would result. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996).

Berry has failed to prove a policy and at all and has therefore been unable to show causation or culpability of said policy.

Berry has not met his burden of proof and his claims under 42 U.S.C. 1983 require dismissal.

---

[2] Defendants' Exhibit A shows Sheriff Cobb requires all commissioned deputies, including Johnson, to obtain P.O.S.T. Academy Certification, has a Use of Force Policy, and deputies receive an annual refresher training on use of force.

### 2. State Law Claims

Berry has additionally made state law claims against Cobb and Johnson for battery. Cobb and Johnson concede that genuine issues of fact preclude summary judgment on Berry's state law vicarious liability claims against Cobb in his official capacity.

Since Johnson was sued only in his official capacity, the state law claims against Johnson should be dismissed because Johnson has no official capacity under Louisiana law as a deputy sheriff. *Lewis v. Jefferson Parish Sheriff's Office*, 798 So.2d 249, 251 (La. App. 5th Cir. 2001).

### C. Conclusion

For the reasons set forth herein, Cobb and Berry's Motion for Summary Judgment [Doc. No. 13] is GRANTED with regard to Berry's federal official capacity claims against Johnson.

Berry's state law official capacity claim against Cobb is DENIED.

MONROE, LOUISIANA, this 1st day of February, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE